RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
One Penn Plaza
250 West 34th Street, Suite 2430
New York, NY 10119
Telephone: (212) 382-1600
mrapaport@rapaportlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAYRA CABEZAS
individually, and on behalf of all others
similarly situated,

                Plaintiffs,

              **CLASS ACTION COMPLAINT**

JEFFREY STEIN SALON NYC EAST 78, INC.,
JEFFREY STEIN SALON NORTHEAST, INC.,
JEFFREY STEIN SALON NORTH, INC.,
JEFFREY STEIN SALON SOUTH, INC.,
JEFFREY STEIN SALON EAST INC., and
JEFFREY MERMELSTEIN a/k/a JEFFREY
MURMELSTEIN and a/k/a JEFFREY STEIN,

              Defendants.
-----------------------------------------------------------------X

       Representative Plaintiff, MAYRA CABEZAS ("Cabezas" or "Representative Plaintiff")

individually and on behalf of all others similarly situated, as class representative, upon personal

knowledge as to herself and upon information and belief as to other matters, by her attorneys,

RAPAPORT LAW FIRM, PLLC, as and for her Complaint, allege:

## PRELIMINARY STATEMENT

       1.    Through an intentional pattern and practice of denying hair salon assistants the

compensation to which they were entitled, in order to minimize their labor costs, Defendants

have successfully established salon after salon with the wages that they have illegally denied

their assistants.   This lawsuit seeks to recover those wages: minimum wages, overtime

compensation, and unlawful wage deductions.

2.     The Representative Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "New York Class") who are, and/or who have been, employed by the Defendants as assistants to hair stylists and colorists (hereinafter collectively referred to as the "Salon Assistants") at four hair salon locations (the "Salons") located in Manhattan that were owned and controlled by the Defendants as a unified enterprise within the applicable statutory periods.

3.     This is a class/collective action, seeking unpaid wages, including minimum wage and unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.  This action also seeks compensatory damages and injunctive relief for retaliation in violation of FLSA § 15, 29 U.S.C. § 215.

4.     This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (*e.g.*, New York Wage Payment Act; NY Labor Law §§ 191, 193, and 195; 12 N.Y.C.R.R. Part 141-1.9 and 2.10, and Part 142; and NY Labor Law § 215).

5.     Cabezas also brings this proceeding to remedy discrimination, including,  *inter alia*, unequal pay, on the basis of ethnic origin and ethnicity (Hispanic) in violation of the Administrative Code of the City of New York § 8-101 et seq. (the "NYCHRL").

6.     As described below, throughout 14-plus years of employment as a Salon Assistant with the Defendants, Cabezas received less pay than similarly and/or less experienced Salon Assistants who performed similar duties who were not Hispanic.  In addition, based on Cabezas' Hispanic ethnicity and national origin, Cabezas was treated worse by being paid substantially less and was relegated to tasks – such as cleaning floors, cleaning bathrooms, cleaning salon

equipment, and doing laundry – that were not demanded of non-Hispanic Salon Assistants. Simply put, Defendants had a work environment in which Hispanic Salon Assistants such as Cabezas were relegated to the status of second-class employees, and were expected to do less desirable job duties.  Despite her many years of experience and expertise in her job duties, Cabezas continued to be victimized by Defendants' stereotypical and racist views of Hispanics, which led to a workplace environment in which Cabezas received less pay and had to do dirty work like cleaning toilets.

7.       Throughout the Plaintiff's employment, as described below, Defendants required Plaintiff to work, and Plaintiff did in fact work, an average of 46 hours per week.  Defendants, however, failed to pay Plaintiff for any hours that she worked in excess of forty each week at any rate of pay, let alone at the premium overtime rate of pay.  Additionally, Defendants failed to provide Plaintiff with proper, accurate wage statements on each payday or with proper wage notices as the NYLL requires.

8.       At all relevant times, Defendants were and still are a centrally managed hair salon enterprise (hereinafter the "Jeffrey Stein Enterprise") that was founded by JEFFREY MERMELSTEIN   a/k/a   JEFFREY   MURMELSTEIN   and   a/k/a   JEFFREY   STEIN ("Mermelstein") and that, upon information and belief, owns, controls, and manages (and it continues to own, control, and manage) the Salons.

9.       Upon information and belief, the Jeffrey Stein Enterprise employed at least thirty (30) individuals who have claims that involve identical legal issues and virtually identical facts as Plaintiff.

10.      The FLSA Class period is designated as the time from October 26, 2013 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since at least the foregoing dates.

11.     The New York Class period is designated as the time from October 26, 2010 through the trial date, based upon the allegation that the violations of New York's wage and hour laws, as described more fully below, have been ongoing since that time.

12.     During both the FLSA Class period and the New York class period, the Jeffrey Stein Enterprise had unlawful policies of encouraging and/or requiring the Salon Assistants, including Plaintiff and members of the FLSA Class, to work in excess of forty (40) hours per week for fixed bi-weekly payments that did not include any payment for overtime, let alone payment for overtime at 1.5 times their regular hourly rates of pay, as required by law.

13.     In addition, during the New York Class Period, the Jeffrey Stein Enterprise had an unlawful policy and practice of noncompliance with NYLL §195(3) by failing to issue wage statements to Plaintiff and similarly situated Salon Assistants that correctly identified the rates of pay or basis thereof; regular hourly rate; and number of overtime hours worked.  Plaintiff and putative members of the New York Class are entitled to statutory damages for the foregoing violations, including Two Hundred Fifty ($250.00) Dollars per work day that the violations occurred, up to Five Thousand ($5,000.00) Dollars, together with costs and reasonable attorney's fees.  This Complaint also seeks a judicial declaration that the Jeffrey Stein Enterprise violated the wage statement requirements of NYLL §195(3) and an injunction requiring the Jeffrey Stein Enterprise to comply with the mandates of the statute.

14.     In addition, during the New York Class Period, the Jeffrey Stein Enterprise had an unlawful policy and practice of failing to comply with NYLL §195(1) by failing to provide to Salon Assistants upon hiring a written notice in English and the employee's primary language setting forth the Salon Assistants' respective rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other legally-mandated disclosures.

4

15.     Plaintiff and the putative members of the New York Class are each entitled to damages for the Jeffrey Stein Enterprise's violation of NYLL §195(1), including: (a) for the time period commencing six years before the filing of this Complaint through February 27, 2015, the sum $50.00 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00.   Plaintiff also seeks injunctive and declaratory relief and costs and attorney's fees.

16.     Defendants' unlawful policies, patterns, and practices have been willful.

## JURISDICTION AND VENUE

17.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1137 because this case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  The Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. §1367.

18.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because Defendants transact business and have agents in the Southern District and this is the judicial district in which the events giving rise to the claims occurred.  Defendants have facilities and employ Class Members in this district, including, *inter alia*, Defendants' employment of Salon Assistants at the Salons in Manhattan.

19.     This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## THE PARTIES

### *Mayra Cabezas*

20.     Cabezas is an adult, natural person who resides in the City of New York, County of Kings, and State of New York.

21.     Cabezas worked as a Salon Assistant for Defendants since 2001, and Plaintiff has worked at the Defendants' hair/beauty salon situated at 1498 Second Avenue, New York, New York 10075 for approximately the past seven (7) years.

22.     At the present time, and for approximately the past two years, Defendants unlawfully paid Cabezas a fixed sum of $700.00 every two weeks without any compensation for overtime.   Because Cabezas' typical work schedule involved 46 hours of work per week, Defendants' payments to Cabezas violated both overtime and minimum wage laws.

23.     Cabezas and the putative class members are covered non-exempt employees within the meaning of the FLSA and NYLL.

### *Defendants*

24.     MERMELSTEIN is an individual who, upon information and belief, maintains a place of business in the State of New York.

25.     Upon information and belief, Mermelstein maintains a place of business at 1498 Second Avenue in the City, County and State of New York.

26.     Upon information and belief, at all relevant times, Mermelstein was (and continues to be) the most senior executive in multiple entities that comprise the Jeffrey Stein Enterprise and through which the Jeffrey Stein Enterprise invests in, owns and controls the Salons and pays its employees, including but not limited to Plaintiff.

27.     During the time periods relevant to the allegations in this Complaint, Mermelstein was Chief Executive Officer of Jeffrey Stein Salon NYC East 78, Inc.

28.     During time periods relevant to the allegations in this Complaint, Mermelstein was Chief Executive Officer of Jeffrey Stein Salon South, Inc.

29.     During time periods relevant to the allegations in this Complaint, Mermelstein was Chief Executive Officer of Jeffrey Stein Salon East Inc.

30.     During time periods relevant to the allegations in this Complaint, Mermelstein was Chief Executive Officer of Jeffrey Stein Salon Northeast, Inc.

31.     During the time periods relevant to the allegations in this Complaint, Mermelstein was Chief Executive Officer of Jeffrey Stein Salon North, Inc.

32.     The Jeffrey Stein Enterprise has advertised itself as a single enterprise:

> With a full range of hair styling services, 4 convenient hair salon NYC locations, the leading hair product brands and New York's finest hair stylists, no other hair salon in New York City can compare.

http://jeffreysteinsalons.com, accessed on October 17, 2016.

33.     Mermelstein exercised sufficient control over the Jeffrey Stein Enterprise to be considered Cabezas' employer under the FLSA and NYLL.

34.     Defendant JEFFREY STEIN SALON NYC EAST 78, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York, and it conducts business in New York County, New York.

35.     Defendant JEFFREY STEIN SALON NORTHEAST, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York, and it conducts business in New York County, New York

36.     Defendant JEFFREY STEIN SALON SOUTH, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York, and it conducts business in New York County, New York.

37.    Defendant JEFFREY STEIN SALON NORTH, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York, and it conducts business in New York County, New York.

38.    Upon information and belief, Defendant JEFFREY STEIN SALON EAST INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York, and it conducts business in New York County, New York.

39.    Upon information and belief, Defendants have used the name "Jeffrey Stein" to refer to the Jeffrey Stein Enterprise.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

*FLSA Class:*

41.    The FLSA Class refers to all persons who are, or have been, employed as Salon Assistants at the Salons (to wit, salons known as "Jeffrey Stein" located at 1498 2nd Avenue, 2345 Broadway, 495 Columbus Avenue, and 250 Columbus Avenue, in New York County) who elect to opt-in to this action (the "FLSA Collective Plaintiffs") from three (3) years prior to this action's filing through the date of the final disposition.

42.    This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiff, as well as others similarly situated to the named Plaintiff (i.e., the FLSA Collective Plaintiffs), of their lawful wages.  Upon information and belief, there are at least 30 similarly situated current and former Salon Assistants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

43.     At all relevant times, Defendants are aware and have been aware of the requirements to pay Plaintiff and FLSA Collective Plaintiffs minimum wage and, with respect to overtime, at an amount equal to the rate of one and one-half times their regular rates of pay for all hours worked each workweek above forty, yet they purposely chose not to do so.

44.     Because Defendants unlawfully treated Plaintiff and FLSA Collective Plaintiffs as salaried employees, they failed to pay Plaintiff and FLSA Collective Plaintiffs federal minimum wage and refused to pay compensation for all hours worked per workweek above forty in violation of the FLSA.

45.     The bi-weekly weekly sums paid to Plaintiff and FLSA Collective Plaintiffs were so low that they fell below federal minimum wage.

46.     The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

47.     Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

*The New York Class – Rule 23 Class Allegations:*

48.     The New York Class refers to all persons who are, or have been, employed as Salon Assistants at the Salons after the date that is six years before the filing of the Complaint in this case and the date of final judgment in this matter as defined herein (the "Class Period").

49.     The Rule 23 Class Members (New York Class) are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the records of Defendants.  The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from Defendants' records.  For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

50.     The Defendants, their officers, and directors are excluded from the Classes, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

51.     This action has been brought and may properly be maintained as a class under Fed.R.Civ.P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

    a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members exceeds thirty (30) individuals.  Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

    b.     Commonality: The Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.   Consequently, class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b).   For example, the Jeffrey Stein Enterprise's practice and policy of failing to comply with New York Labor Law requirements pertaining to wage notices and pay statements, as alleged above, applies to all members of the New York Class, and the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class.   Similarly, the

Jeffrey Stein Enterprise's policy and practice of unlawful deductions is applicable class-wide and involves common legal and factual issues.

      c.    <u>Typicality</u>: The Plaintiff's claims are typical of the claims of the Plaintiff Classes.  The Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.  All of the Rule 23 Class Members were subject to the same corporate practices of Defendants of failing to pay minimum wage and overtime compensation; violations of NYLL §195(3) by failing to issue wage statements to employees that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names used by the employer, and other legally-mandated disclosures.

      d.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  This risk is particularly applicable here, in

light of the demand herein for declaratory and injunctive relief relating to NYLL § 195(1) and (3).  Moreover, the Plaintiff is informed and believes, and based thereon alleges, that Defendants, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, Class certification is proper under Fed.R.Civ.P. Rule 23(b)(2) and 29 U.S.C. § 216(b).

      e.    <u>Adequacy of Representation</u>: The Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Plaintiff's claims are typical of those of the Plaintiff Classes and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members.  The Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in employment litigation of this nature.  The Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

52.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct retaliation or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment.  Class actions provide Rule 23 Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.  The foregoing factors and concerns are particularly applicable to immigrant low-wage workers in the beauty salon industry in New York City.

## COMMON FACTUAL ALLEGATIONS

53.    From July 24, 2009, to present, the federal minimum wage has been $7.25 per hour.

54.      From July 24, 2009 to December 31, 2013, the New York minimum wage was $7.25 per hour.  From January 1, 2014 to December 31, 2015, the New York minimum wage has been $8.00 per hour.   From January 1, 2015 to present, the New York minimum wage has been $9.00.

55.      At all relevant times, Defendants were not permitted to claim any tips or gratuities as part of Cabezas' minimum wage because the amount of tips or gratuities received by Cabezas never exceeded the minimum amounts provided for under the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations  (12 NYCRR § 142) required for an employer to claim a tip credit, and also because Defendants never provided Cabezas with written notice that Defendants would apply a tip credit or allowance toward minimum wage.

56.      Defendants unlawfully and willfully misclassified Cabezas as an exempt salaried employee, and they provided her with no notice regarding her hourly rate of pay, despite the clear mandate of the New York Labor Law.

57.      As described herein, Defendants have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including minimum wage and premium (overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207), and unlawfully deducted sums from wages in violation of the New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.  Among other means, Defendants engaged in unlawful business practices by requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation and providing paychecks that are purportedly based on a weekly "salary" to Salon Assistants who, by law, are hourly employees.

13

58.     Upon information and belief, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the FLSA Class members within the meaning of the FLSA.

60.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the New York Class members within the meaning of the NYLL, §§ 2 and 651.

61.     At all relevant times, Defendants have been Plaintiff's and Class Members' employers within the meaning of the FLSA and NYLL.

62.     Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce.  The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of Section (3)(s)(1)(A) of the FLSA.

63.     At all relevant times, the Jeffrey Stein Enterprise, and its constituent entities, were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, operating a group of salons under different corporate names.

64.     Upon information and belief, at all relevant times, the Jeffrey Stein Enterprise has willfully had a practice and procedure of concealing and obfuscating the extent of their overtime and minimum wage violations by issuing paystubs to Salon Assistants that do not set forth any hourly rate of pay and/or any premium overtime rate of pay and by providing no reliable mechanism and/or system by which Salon Assistants could report their hours worked and/or overtime hours each week.

*Defendants Constitute Joint Employers*

65.     Plaintiff is informed and believes that the Jeffrey Stein Enterprise has remained constant over a period of years, continuing to the present, namely:

    (a) Ultimate control of the Salons is exercised by Mermelstein;

    (b) Though the Salons are titled in different corporate names, Mermelstein has a substantial ownership interest in each such entity;

    (c) All the Salons have the same name, website and logo;

    (d) Family members of Mermelstein have been active in the Jeffrey Stein Enterprise;

    (e) Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs.

66.     Defendants each had either functional and/or formal control over terms and conditions of work and over the policies and practices with respect to the employment and compensation of Plaintiff.

67.     Defendants employ or employed Plaintiff, and are or were Plaintiff's employers and/or Class Members' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

68.     Upon information and belief, the Jeffrey Stein Enterprise corporations are either alter egos of themselves, and/or the Jeffrey Stein Enterprise corporations failed to operate as entities legally separate and apart from themselves by, among other things:

    (a) Failing to adhere to the corporate formalities necessary to operate Defendants as corporations;

    (b) Defectively forming or maintaining corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) Transferring assets and debts freely as between all the Jeffrey Stein Enterprise corporations;

    (d) Operating the corporations for their own benefit and maintaining control over these corporations as close corporations;

    (e) Intermingling assets and debts and diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

    (f) Other actions evidencing a failure to adhere to the corporate form.

69.     Upon information and belief, Defendants run the business of all of the Jeffrey Stein Enterprise as one operation, and Defendants' operations were interrelated and united.

70.     Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

71.     Upon information and belief, Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of the Plaintiff and similarly situated employees.

**DEFENDANTS' WAGE VIOLATIONS RELATING TO CABEZAS:**

72.     During her employment with the Jeffrey Stein Enterprise as Salon Assistant, Cabezas' routine responsibilities included, among other things: shampooing and rinsing clients' hair; mixing hair color; preparing clients' hair in preparation for applying color; applying hair color; cleaning hair and other refuse from the floor of the salon; laundry; washing hair color equipment and supplies; cleaning bathrooms; cleaning stations; greeting clients; running errands such as trips to the bank; fixing hair drying equipment; organizing hair colors and other products; making and serving coffee, tea and other beverages for clients; taking out the garbage; and countless other tasks too numerous to mention.

73.     Cabezas was unlawfully deprived of both minimum wage and overtime compensation to which she was entitled under the FLSA and the NYLL.

74.     Throughout the entirety of Cabezas' employment, the Defendants paid Cabezas a gross, fixed bi-weekly sum.  For approximately the past two years, this sum was $700.00. During the previous, approximately two-year period, Cabezas was paid $600.00 every two weeks.

75.     Throughout the entirety of Cabezas' employment, Defendants failed to pay Cabezas at any rate of pay for any hours that Cabezas worked per week in excess of forty.

76.     Additionally, Defendants intentionally did not provide Cabezas with any wage notice that accurately contained all of the following information: Cabezas' rates of pay and basis thereof; whether Cabezas was paid by hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal or lodging allowances; and the regular pay day designated by Defendants.

77.     Cabezas' rate of pay was unlawfully below state and federal minimum wage.

78.     Defendants violated their obligation under the FLSA to make and preserve a record of the hours worked by Cabezas – an unlawful practice and procedure that, upon information and belief, was applied to all Salon Assistants.

79.     On various occasions, including, inter alia, in July 2016 and April 2015, Mermelstein would give paychecks to Cabezas that completely lacked any paystubs whatsoever, and gave no indication about the time period, rate of pay and/or any other information, and that failed to make any deductions for social security and/or other withholdings.

80.     The aforesaid treatment of Cabezas is typical of the manner in which the Jeffrey Stein Enterprise treats their Salon Assistants at each of the Jeffrey Stein Enterprise Salons.

81.     As a manual laborer, Plaintiff was entitled to be paid on a weekly basis; however, Defendants violated this requirement throughout her employment.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.*
### (FLSA Class)

82.     The Representative Plaintiff, on behalf of herself and the FLSA Class members, incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

83.     Defendants' failure to compensate the Representative Plaintiff and other members of the FLSA Class at the FLSA minimum wage rate of pay violates 29 U.S.C § 206.

84.    As a result of the foregoing, the Representative Plaintiff demands judgment against Defendants on her own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

85.    Defendants' violations of the FLSA were willful, thus the three year statute of limitations of 29 U.S.C. § 255 applies.

## AS AND FOR A SECOND CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*
### (FLSA Class)

86.    The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

87.    At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed members of the FLSA Class as Salon Assistants, employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).  At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

88.    The Representative Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

18

Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

89.     Indeed, in the performance of their duties for Defendants, members of the FLSA Class routinely worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

90.     The Representative Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

91.     Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

92.     As a result of the foregoing, the Representative Plaintiff seeks judgment against Defendants on her own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**AS AND FOR A THIRD CAUSE OF ACTION**
**Declaratory Judgment**
**(FLSA Class and New York Class)**

93.     Plaintiff, for herself and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

94.     This action provides a ripe and justiciable case or controversy.

95.     It is just and equitable that the Court declares the rights and other legal relationships of the parties.

96.     Plaintiff, the FLSA Class and New York Class are entitled to a declaration that Defendants acts are in violation of the FLSA and NYLL.


**AS AND FOR A FOURTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**
**(New York Class)**

97.     Plaintiff, on behalf of herself and the New York Class members, repeat  and re-allege and incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

98.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

99.     Throughout Plaintiff's employment with Defendants, Defendants willfully failed to provide Plaintiff and the New York Class with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

100.    Defendants had a pattern, policy and practice of violating NYLL § 195(3) by issuing pay statements that contained none of the foregoing information.

101.    Due to Defendants' violations of the NYLL, Representative Plaintiff and the New York Class are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**
**(New York Class)**

102.    Cabezas, for herself and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

103.    The NYLL and WTPA, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 141, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

104.    From its enactment on April 9, 2011, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (later amended to be distributed "upon hiring" and not annually) and to provide to employees, a written notice in English and Spanish (Plaintiff's primary language) setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other legally-mandated disclosures.

105.    In violation of NYLL § 191, Defendants failed to furnish the Representative Plaintiff, at the time of hiring (and annually for those years prior to the amendment) or whenever

there was a change to her rate of pay, with wage notices containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law; in violation of the NYLL § 195(1).

106.    Due to Defendants' violation of NYLL § 195(1), Plaintiff and the New York Class Members are entitled to recover from Defendants liquidated damages per employee: (a) for the time period commencing six years before the filing of this Complaint, through February 27, 2015, the sum $50 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of disbursements of the action, pursuant to the NYLL § 198(1-b).

## AS AND FOR A SIXTH CAUSE OF ACTION
### Discrimination on the Basis of Ethnicity and National Origin in Violation of the NYCHRL On Behalf of Cabezas, Individually

107.    Cabezas, for herself, repeats, re-alleges and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

108.    The New York City Human Rights Law provides, *inter alia*, that, it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

> (New York City Administrative Code, § 8-107(1)(a)).

22

109.    The New York City Human Rights Law provided for individual liability on the part of individuals, such as Mermelstein, who participate in conduct giving rise to claims of discrimination.

110.    At all relevant times, Cabezas was a covered employee and Defendants were covered employers as those terms are defined and understood under the NYCHRL.

111.    Defendants discriminated against Cabezas in the terms and conditions of her employment, including but not limited to paying Cabezas less than similarly-situated non-Hispanic Salon Assistants.

112.    During the summer of 2016, Defendants hired a Caucasian non-Hispanic named Ashley, who had substantially less experience than Cabezas.  Despite this vast gap in experience, Ashley was paid $120.00 per day, even though Plaintiff continued to receive only $70.00 per day despite her 14-plus years of experience.

113.    Cabezas requested more pay, but her request was rejected.

114.    Defendants further discriminated against Cabezas by requiring her to perform arduous tasks that were considered to be undesirable, such as cleaning bathrooms, cleaning floors, cleaning salon equipment, and doing laundry, that were typically not required of non-Hispanic Salon Assistants.  In summary, Cabezas was required to worker harder, perform more arduous and less desirable work, for substantially less pay, due to her Hispanic ethnicity and/or national origin.

115.    Defendants also deprived Cabezas of training opportunities based on her ethnicity.  Mermelstein would send Caucasian non-Hispanic employees for training sessions.  By way of example, in or about September 2016, Mermelstein organized a training session for Salon Assistants at 2345 Broadway, New York, NY, to which neither Cabezas nor her Hispanic co-worker were invited to attend.  As second-class Hispanic employees, Cabezas and her Hispanic

colleague were deemed too unimportant for such training, and, as alleged above, they were burdened with cleaning responsibilities and other undesirable duties.

116.    In or about August 2016, defendant Mermelstein commented, with respect to a planned party involving the Salons, that only "white" employees and guests should attend.  This comment was consistent with Mermelstein's long-standing practice of relegating non-Caucasian and/or Hispanic workers to second-class status in the workplace.

117.    The foregoing, unequal work environment caused Cabezas to suffer financially because the many tasks that she was relegated to perform solely because of her second-class status as a Hispanic employee did not involve receiving tips and/or gratuities.

118.    The foregoing, unequal work environment caused Cabezas to suffer humiliation, irreparable injury, and mental anguish, as well as monetary damages.

## **RELIEF SOUGHT**

**WHEREFORE,** the Plaintiff, on behalf of herself and the FLSA Class and the New York Class, respectfully request that the Court grant the following relief:

1.    Designation of this action as a collective action on behalf of the FLSA Class members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Class Members;

2.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the New York Class members and appointing Plaintiff and her counsel to represent the class;

3.    An order tolling the statute of limitations;

4.      That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the FLSA as to the Representative Plaintiff, the FLSA Class and the New York Class;

5.      That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to the Representative Plaintiff, the FLSA Class and the New York Class;

6.      That the Court declare, adjudge and decree that Defendants willfully violated s legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

7.      That the Court declare, adjudge and decree that the Representative Plaintiff and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid (a) minimum wages; (b) overtime for work beyond 40 hours in a week; and (c) remuneration for unlawful deductions; and that the amounts to which the Representative Plaintiff, the FLSA Class and the New York Class are entitled is to be doubled as liquidated damages and awarded thereto;

8.      That the Court make an award to the Representative Plaintiff, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

9.      That the Court make an award to the Representative Plaintiff and the New York Class of reimbursement for all unlawful deductions;

10.      That the Defendants be held jointly and severally liable for compensatory damages (including extreme emotional distress) and punitive damages for Plaintiff Cabezas under NYLL Article 7, Section 215(2).

11.      For all other Orders, findings and determinations identified and sought in this Complaint;

12.     For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR.

13.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law;

14.     Declaring that Defendants violated the notices and record keeping provisions of the NYLL;

15.     An award of statutory damages for Defendants' failure to provide Plaintiff and the New York Class Members with accurate wage statements pursuant to NYLL § 198(1-d);

16.     An award of statutory damages for Defendants' failure to provide Plaintiffs with proper wage notices pursuant to NYLL § 198(1-b);

17.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

18.     On the Sixth Cause of Action, compensatory damages for mental anguish, humiliation, and unequal pay.

19.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 26, 2016                **RAPAPORT LAW FIRM, PLLC**

By: _____/s/_____
Marc A. Rapaport, Esq.
Attorney for the Representative Plaintiff
Mayra Cabezas
and the Plaintiff Classes
One Penn Plaza
250 West 34th Street, Suite 2430
New York, NY 10119
Ph: (212) 382-1600